IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL DUCHELLE GREEN, ) | |
|     Plaintiff, ) | Case No. 7:22-cv-00386 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| KIMBERLY WHITE, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Michael Duchelle Green, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, asserting that the defendants violated his right to due process by not having a court reporter transcribe his parole violation proceedings. Along with his complaint, Green submitted a partial application to proceed in forma pauperis. However, court records indicate that Green has had at least three prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted.* Therefore, under the three strikes provision of the Prison Litigation Reform Act, Green may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past

---

    * See, e.g., Green v. Towery, No. 7:21-cv-00341 (W.D. June 4, 2021); Green v. Beuckelaere, No. 7:21-cv-00342 (W.D. Va. June 4, 2021); Green v. Salmon, No. 7:21-cv-00171 (W.D. Va. May 28, 2021); Green v. Amherst Cnty. Adult Det. Ctr., No. 7:18-cv-00207 (W.D. Va. Dec. 14, 2018); Green v. Amherst Cnty. Adult Det. Ctr., No. 7:18-cv-00247 (W.D. Va. Oct. 30, 2018); Green v. Kazlauskas, No. 7:18-cv-00302 (W.D. Va. Oct. 30, 2018); Green v. Wang, No. 7:05-cv-00116 (W.D. Va. Feb. 25, 2005); Green v. Mardavich, No. 7:05-cv-00106 (W.D. Va. Feb. 22, 2005); Green v. Mardavich, No. 7:05-cv-00094 (W.D. Va. Feb. 16, 2005).

misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Thus, "the requisite imminent danger of serious physical injury must exist at the time the complaint or appeal is filed . . . ." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin, 319 F.3d at 1050).

Green's allegations fall far short of satisfying the imminent danger exception. He does not allege that he suffered any physical injury as a result of the defendants' actions or omissions, much less that he faces an imminent risk of serious physical injury. Because Green has not prepaid the filing fee or demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: July 29, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.07.29 16:41:38 -04'00'

Michael F. Urbanski
Chief United States District Judge